EVERGREEN CEMETERY ASSOCIATION OF CHICAGO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37307. Promulgated January 15, 1931.

*Jacob Rothschild* for the petitioner.
*Eugene Harpole, Esq.*, for the respondent.

OPINION.

SEAWELL: Chapter 21, paragraph 51, section 4, of Cahill's Illinois Revised Statutes, relative to cemetery associations, in force in 1923, reads as follows:

¶ 51. Trust fund.] §4. The board of directors of such cemetery society, or cemetery association, or the trustees of any public graveyard, may set apart such portion as they see fit of the moneys received from the sale of the lots in such cemetery or graveyard, which sums shall be kept separate from all other assets as an especial trust fund, and they shall keep the same invested in safe interest or income paying securities, for the purpose of keeping said cemetery or graveyard, and the lots therein, permanently in good order and repair, and the interest or income derived from such trust fund shall be applied only to that purpose, and shall not be diverted from such use.

It is seen from the foregoing that the Illinois statute provides that the board of directors of a cemetery association may set apart such portion as they see fit of moneys received from the sale of lots in its cemetery, the said moneys to be treated as a trust fund, etc., as was done in the instant case.

In behalf of the petitioner, it is insisted that the evidence in this case establishes facts which bring it within the principle enunciated in *Portland Cremation Ass'n* v. *Commissioner*, 31 Fed. (2d) 843, and should be controlled thereby.

It seems clear that a trust fund of the character and for the purpose heretofore indicated and insisted upon by the petitioner was created, in which purchasers of lots in the cemetery had such an interest as might be protected and enforced in a court of equity.

While the evidence is not as full and satisfactory as it might have been made had resolutions passed by the board of directors, providing for the creation of said perpetual care fund, been put in evidence, it is, nevertheless, in our opinion, sufficient to overcome the presumption of the correctness of the respondent's determination and establish facts which bring the case within the principle of decisions in *Portland Cremation Ass'n* v. *Commissioner, supra; Los Angeles Cemetery Association*, 2 B. T. A. 495; *Metairie Cemetery Association*, 4 B. T. A. 903; *Inglewood Park Cemetery Association*, 6 B. T. A. 386; and *Troost Ave. Cemetery Co.* v. *United States*, 21 Fed. (2d) 194. As was said in *Chicago, Milwaukee & St. Paul Ry.* v. *Des Moines Union Ry.*, 254 U. S. 196, 208: " It needs no particular form of words to create a trust, so there be reasonable certainty as to

the property, the objects, and the beneficiaries. *Colton* v. *Colton*, 127 U.-S. 300, 310 * * *."

The representations made by the petitioner in its advertising matter, contracts and deeds as to the " perpetual care fund," taken in connection with the positive and uncontradicted testimony of the treasurer of the fund touching the same, in our opinion, establish the existence and character of such a trust fund, and the amount thereof set aside as a reserve in 1923, $17,185.50, and now in controversy, constitutes no part of petitioner's gross income for said year and is not taxable income to it and the respondent committed error in treating it as taxable income to petitioner.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

TRAMMELL and PHILLIPS concur in the result only.

STERNHAGEN and MURDOCK dissent.